## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

Civil Action No: _____

CHARLES H. TURNER and
JEANNE ACKERLY, ERNEST R.
COSTON, DIANE DUJON, OLGA
DUMMONT, LOUIS ELISA,
ALMA FINNERAN, MICHAEL
HEICHMAN, FREDERICK C.
JOHNSON, KARL JONES,
FRANCO MARZURKI, CAROLYN
JUPITER-MCINTOSH, ISAURA
MENDES, JUDITH RICHARDS, M.
DANIEL RICHARDSON III,
SARAH-ANN SHAW.

Plaintiffs

V.

THE CITY OF BOSTON and
BOSTON CITY COUNCIL and
MICHAEL ROSS, FELIX
G. ARROYO, JOHN R. CONNOLLY,
STEPHEN J. MURPHY, AYANNA PRESSLEY,
SALVATORE LaMATTINA, BILL LINEHAN,
MAUREEN E. FEENEY, ROB CONSALVO,
MARK S. CIOMMO. MATTHEW O'MALLEY in
their official capacities.

Defendants

**COMPLAINT FOR
DECLARATORY
JUDGMENT AND
INJUNCTIVE RELIEF**

### Nature of the Action

1.      The Plaintiff, Boston City Councilor Charles Turner, seeks a Declaratory Judgment and Injunctive Relief to enable the immediate restoration of his rightful place on the Boston City Council. The basis for his claim is twofold:

First, that he has been the subject of an *ex post facto* rule of the city council that imposes a punishment greater than that proscribed under M.G.L. c. 279 §30; and

Second, that the charter language upon which the rule was founded does not apply to removal from public office. The above action of the Defendants was in violation of Plaintiff Turner's rights protected by the First and Fourteen Amendments to the United States Constitution, in violation of the proscriptions of Art. I §10 of the United States Constitution, prohibiting *ex post facto* legislation, and in deprivation of Plaintiff Turner's rights under color of law pursuant to 42 U.S.C. §1983.

2.      The individual Plaintiffs claim that they have been disenfranchised as qualified voters of District 7, as the person they elected to represent them on the Boston City Council has been removed by an *ultra vires* act of the city council in deprivation of their rights under the First and Fourteenth Amendments to the United States Constitution, and constitutes a deprivation of their rights under color of law pursuant to 42 U.S.C. §1983.

**Jurisdiction**

3.      This action is brought pursuant to:

4.      28 U.S.C. sect. 1331 because the matter in controversy arises under the Constitution and laws of the United States.

5.      28 U.S.C. sect. 2201, which states "In a case of actual controversy within its jurisdiction . . .any court of the United States upon the filing of an appropriate pleading may declare the rights and other legal relations, whether or not further relief is or could be sought."

6.      28 U.S.C. sect. 2202, which states  that further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

7.      28 U.S.C. sects. 1343(3) and 1343(4), because injunctive relief is sought to redress the deprivation of rights under color of state law of rights and privileges secured by the Constitution and Acts of Congress protecting equal rights.

8.      42 U.S.C. sect. 1983, deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States by a state actor under color of law.

## The Parties

9.      The Plaintiff, Boston City Councilor Charles Turner, was elected to the Boston City Council in 1999 and most recently in 2009 to represent residents of District 7 which is comprised of Roxbury, parts of Dorchester, the Fenway and the South End, and his term is due to expire on 12/31/2011.

10.     The individual Plaintiffs: Jeanne Ackerly, Ernest R. Coston, Diane Dujon, Olga Dummont, Louis Elisa, Alma Finneran, Michael Heichman, Frederick C. Johnson, Karl Jones, Franco Marzuki, Carolyn Jupiter-Mcintosh, Isaura Mendes, Judith Richards, M. Daniel Richardson III, Sarah-Ann Shaw, are residents of District 7 and are registered voters in the city of Boston who voted for Councilor Turner as their elected representative of District 7.

11.     The Defendants, City of Boston is a subdivision of the Commonwealth of Massachusetts incorporated as a city in 1821.

12.      The Boston City Council is a branch of the city of Boston government that is comprised of 13 city councilors.

13.     The Boston City Councilors, Michael Ross, Stephen Murphy, Felix Arroya, Ayanna Pressley, Sal LaMattina, Bill Linehan, John Connolly, Maureen Feeney, Ron Consolvo, Mark Ciomo and Matthew O'Malley are named as Defendants in their official capacities.

## Statement of Facts

14.     Boston City Councilor Charles Turner was paid an annual salary of $87,500 by the city of Boston.

15.     On or about November 22, 2010 Charles Turner, the Boston City Councilor for District 7, was arraigned in federal court on charges of bribery and lying to federal investigators.

16.     On or about November 24, 2008 City Council President Maureen Feeney called for a special meeting of the Boston City Council regarding the Turner arraignment. She removed Councilor Turner from his committee chairmanships of the Committee on Education and Human Rights and called on corporation counsel to provide the city council with legal review of its rights.

17.     On or about December 16, 2008 Council President Feeney named a former federal judge to serve as an independent fact-finder to investigate bribery charges against Councilor Turner.

18.     On or about December 10, 2008 City Councilor Charles Turner was indicted for felonious conduct in federal district court.

19.     On or about January 25, 2009 the Boston City Council enacted Rule 40A of the Rules of the Council, which reads:

> Rule 40A. Pursuant to the city charter and in accordance with the open meeting law, the council president may refer a matter to the council upon his/her determination that any member has engaged in conduct unbecoming a member of the Boston City Council or may be unqualified to sit on the body. A member may be unqualified by violating federal or state law, or any conditions imposed by the city's charter, which includes violating any provisions of the three oaths of office.
>
> The council president shall automatically refer a matter to the council upon a felony conviction of any member by any state or federal court.

> Any action by the council taken in response to any referral shall
> require two-thirds (2/3) majority roll call vote and will be in
> accordance with local, state and federal law.

20.    On or about October 25, 2010 Councilor Turner was convicted of felony counts in federal
district court.

21.    On or about November 24, 2010 Corporation Counsel of the City of Boston, William
Sinnott, submitted a letter advising the Boston City Council (hereinafter, "the council") that the
application of Rule 40A and the Acts of 1951, c. 376, §17 could be used exclusively to remove a
sitting city councilor, irrespective of the mandates of M.G.L. c. 279 §30. He advised the council
that it could order the expulsion of Councilor Turner on the basis of any transgression that it felt
was egregious, pursuant to the above rule and Act whether or not the councilor was sentenced to
prison.

22.    On or about December 1, 2010, President Michael Ross submitted a proposed order to the
city council for its consideration and vote. It read as follows:

> Order that under the authority vested in the City Council by St.
> 1951 c. 376 §17 and pursuant to the procedures set forth in City
> Council Rule 40A, the City Council, in consideration of his
> qualification to serve as a member of the Boston City Council, now
> moves that Councilor Turner vacate the office of City Councilor
> effective Friday, December 3, 2010.

23.    On or about December 1, 2010, the council voted on the above order:  11 yeas, one nay,
to remove councilor Turner from elected office.

24.    On or about December 15, 2010, Council President Michael Ross, set the date for a
special  preliminary municipal election to fill the vacant seat of District 7 city Councilor Charles
Turner.

25.    As of December 1, 2010 the individually named Plaintiffs who voted to install Charles
Turner as their District City Councilor were without District representation and are the only
district in the city required to seek representation from at-large councilors.

## COUNT I
### Turner vs. City of Boston, Violation of 42 U.S.C. §1983: a violation of the First and Fourteenth Amendments to the United States Constitution, as well as Art. I §10 of the United States Constitution.

26.     Plaintiff hereby incorporates and realleges paragraphs 1 through 25 as fully set forth hereinabove.

27.     The Plaintiff seeks a Declaratory Judgment that the vote of the Boston City Council on December 1, 2010 removing him from elected public office, and the vote of the city council calling for a special municipal election on December 12, 2010 and other actions of the city council, taken pursuant to the direction of the Corporation Counsel, an agent and employee of the city of Boston, executive branch, were void as a matter of law, and that Councilor Turner is entitled to be restored to his lawful seat and be paid his past, present and future income, until the terms of M.G.L. c. 279 §30 may apply. That the above action of the Defendant City of Boston was in violation of Plaintiff Turner's rights protected by the First and Fourteen Amendments to the United States Constitution, in violation of the proscriptions of Art. I §10 of the United States Constitution, prohibiting *ex post facto* legislation, and in deprivation of Plaintiff Turner's rights pursuant to 42 U.S.C. §1983.

**WHEREFORE**, as a result of the above injuries, acts and omissions the Plaintiff has suffered humiliation, emotional distress, loss of past, present and future income, his employment, and his ability to advocate as an elected official on behalf of his constituents;

**WHEREFORE** Plaintiff prays that this Court Order that he be reinstated to his lawful position on the city council, that the vote of the city council on December 1, 2010 and December 12, 2010 be declared void as a matter of law, that this Court further declare that the *ex post facto* provision of Art. 1 §10 of the United States Constitution was violated, and that Councilor Turner be compensated for the deprivation of his rights under color of law pursuant to 42. U.S.C. §1983, and that Councilor Turner be paid for the loss of his past, present and future income, and such other temporary and permanent injunctive relief that this Court deems appropriate and just, consistent with the possible application of the terms of M.G.L. c. 279 §30.

## COUNT II
### Turner v. The Boston Coty Council
#### Violation of 42 U.S.C. §1983, and violation of the
#### First and Fourteenth Amendments to the United States Constitution, and violation
#### Art. 1 §10 of the United States Constitution.

28.    Plaintiff hereby incorporates and realleges paragraphs 1 through 25 as fully set forth herein.

29.    The Plaintiff seeks a Declaratory Judgment that the vote of the Boston City Council on December 1, 2010 removing him from elected public office, and the vote of the city council calling for a special municipal election on December 12, 2010 and other actions of the city council, taken pursuant to the direction of the Corporation Counsel, an agent and employee of the city of Boston, executive branch, were void as a matter of law and that Councilor Turner is entitled to be restored to his lawful seat and be paid his past, present and future income, until the terms of M.G.L c. 279 §30 may apply. The above action of the Defendant city council was in violation of Plaintiff Turner's rights protected by the First and Fourteen Amendments to the United States Constitution, in violation of the proscriptions of Art. I §10 of the United States Constitution, prohibiting *ex post facto* legislation, and in deprivation of Plaintiff Turner's rights pursuant to 42 U.S.C. §1983.

**WHEREFORE**, as a result of the above injuries, acts and omissions the Plaintiff has suffered humiliation, emotional distress, loss of past, present and future income, his employment, and his ability to advocate as an elected official on behalf of his constituents;

**WHEREFORE** Plaintiff prays that this Court Order that he be reinstated to his lawful position on the city council, that the vote of the city council on December 1, 2010 and December 12, 2010 be declared void as a matter of law, that this Court further declare that the *ex post facto* provision of Art. 1 §10 of the United States Constitution was violated, and that Councilor Turner be compensated for his deprivation of rights under color of law pursuant 42. U.S.C. §1983, and that Councilor Turner be paid for the loss of his past, present and future income, and such other temporary and permanent injunctive relief that this Court deems appropriate and just, consistent with the possible application of the terms of M.G.L. c. 279 §30.

## COUNT III
**Plaintiffs: JEANNE ACKERLY, ERNEST R. COSTON, DIANE DUJON, OLGA DUMMONT, LOUIS ELISA, ALMA FINNERAN, MICHAEL HEICHMAN, FREDERICK C. JOHNSON, KARL JONES, FRANCO MARZURKI, CAROLYN JUPITER-MCINTOSH, ISAURA MENDES, JUDITH RICHARDS, M. DANIEL RICHARDSON III, SARAH-ANN SHAW v. the City of Boston and Boston City Council Violation of 42 U.S.C. §1983, and violation of the First and Fourteenth Amendments to the United States Constitution, and violation of Art. I §10 of the United States Constitution.**

30.      Plaintiffs hereby incorporate and reallege paragraphs 1 through 25 as fully set forth herein.

31.      The Plaintiffs: JEANNE ACKERLY, ERNEST R. COSTON, DIANE DUJON, OLGA DUMMONT, LOUIS ELISA, ALMA FINNERAN, MICHAEL HEICHMAN, FREDERICK C. JOHNSON, KARL JONES, FRANCO MARZURKI, CAROLYN JUPITER-MCINTOSH, ISAURA MENDES, JUDITH RICHARDS, M. DANIEL RICHARDSON III, SARAH-ANN SHAW seek a Declaratory Judgment that the vote of the Defendant Boston City Council on December 1, 2010 removing Plaintiff Turner from public elected office, and the vote of the city council on December 12, 2010 calling for a special municipal election to fill his vacant seat deprived and disenfranchised them of their district voice on the Boston City Council. The above votes of the city council under color of law violated the above-named Plaintiffs' rights protected by the First Amendment and Fourteen Amendments to the United States Constitution, and were in violation of the proscriptions of Art. I §10 of the United States Constitution, prohibiting *ex post facto* legislation. The above acts and omissions constituted a deprivation of their rights protected by 42 U.S.C. §1983.

      **WHEREFORE,** as a result of the above injuries, acts and omissions, the Plaintiffs have lost their District voice on the Boston City Council and have been disenfranchised as they are the only voters in the city without a district city councilor.  Therefore the above named Plaintiffs pray that this Court Order that Plaintiff Turner be restored to his rightful place on the Boston City Council and grant such other relief as this Court deems appropriate.

## *INJUNCTIVE RELIEF*

Temporary and permanent Injunctive Relief is necessary due to the ongoing irreparable injury to important voting rights of Plaintiffs, ongoing injury to their federal and state constitutional rights, and to prevent the prospective application of a constitutionally impermissive rule enacted illegally by the City of Boston and the Boston City Council.

Attorney's fees pursuant to 42 U.S.C. §1988 may be sought.

Respectfully submitted,

Chester Darling, BBO 114320
Attorney for the Plaintiffs
9 Mayflower Dr.
Andover, MA 01810
978-475-2520
978-475-1741 FAX
e-mail: chesterdarling@comcast.net

Dated: December 30, 2010