```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

CHARLES H. TURNER, ET AL        )
     Plaintiffs                 )
                                )
          v.                    )   C.A. No. 10-12276-MLW
                                )
                                )
CITY OF BOSTON, ET AL           )
     Defendants.                )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                       January 14, 2011

I.  SUMMARY

On October 29, 2010, elected Boston City Councillor Charles "Chuck" Turner was convicted in federal court for, in essence, taking a bribe. His sentencing is scheduled for January 25, 2011. The court understands that if he is sentenced to prison, Turner will, by operation of M.G.L. c. 279, §30, be automatically removed from office.

However, on December 1, 2010, the Boston City Council (the "Council") expelled Turner from office. The Council asserted that the Charter of the City of Boston and Rule 40A of the Rules of the Council, which was adopted after Turner was indicted, provided it the authority to remove Turner. The Council scheduled a special preliminary municipal election to fill Turner's seat for February 15, 2011, and a special final municipal election for March 15, 2011.

In this case, Turner and some of his constituents allege that the Council was not empowered by state law to promulgate Rule 40A

and, therefore, that his expulsion violated their constitutional rights under the First and Fourteenth Amendments to the United States Constitution.  In addition, Turner contends that Rule 40A provides a criminal sanction and that its use to expel him violates his rights under the Ex Post Facto Clause of the United States Constitution, U.S. Const. art. I, §10, which prohibits the imposition of punishment that was not provided for by statute at the time the criminal conduct occurred.  On January 10, 2011, plaintiffs moved for a preliminary or permanent injunction preventing the scheduled special municipal elections and restoring Turner to his seat on the Council.

This case involves issues that are fundamental to our federal system of government and, indeed, our democracy.  Respect for separation of powers generally requires that courts exercise restraint and not decide constitutional issues unnecessarily. Respect for the role and responsibilities of the states generally makes it most appropriate for state courts, rather than federal courts, to decide uncertain issues of state law, particularly if they relate to state or local elections.  The Supreme Court has held that these principles converge to require that when there is an uncertain issue of state law, which if decided a particular way will eliminate the need to decide federal constitutional questions, federal courts must usually either abstain from deciding the case or certify the potentially dispositive question for an

authoritative decision by the highest state court.  See Railway Comm'n of Tex. v. Pullman Co., 312 U.S. 496, 500-501 (1941) (abstention); Mills v. Rogers, 457 U.S. 291, 306 (1982) (abstention or certification).

This appears to be a case in which either abstention or certification is necessary or, at least, appropriate. The question of whether the Council exceeded the authority granted to it by the Commonwealth of Massachusetts in promulgating Rule 40A and employing it to remove an incumbent has never been decided. Nor has any court decided whether Rule 40A is civil or criminal in nature. Although defendants have not yet responded to plaintiffs' submissions, it appears that the Council's authority to remove Turner before he is sentenced is uncertain. If the Supreme Judicial Court of the Commonwealth of Massachusetts decides that the Council had the authority to remove Turner and that Rule 40A is civil in nature, there will be no need to decide plaintiffs' federal constitutional claims because they depend completely on the contention that Turner was unlawfully expelled and his expulsion was a criminal sanction.

Therefore, it is the court's present intention either to abstain and stay this case in deference to state proceedings it expects plaintiffs will initiate, or to certify the potentially dispositive state law question(s) for decision by the Supreme Judicial Court of Massachusetts. However, the court is providing

the parties an opportunity to address the relevant issues before it decides how to proceed. Accordingly, they are being ordered to, by January 21, 2011, at 12:00 p.m., file memoranda addressing: (a) whether or not this court either should abstain or certify one or more questions to the Supreme Judicial Court; (b) if abstention or certification is necessary or appropriate, which option the court should choose; and (c) if one of more questions are certified, how the question(s) should be stated. Defendants are also being ordered to respond to the motion for preliminary injunction in order to permit the court to decide the motion if the parties' submissions persuade the court that neither abstention nor certification is appropriate.

The court recognizes the present urgency and importance of the question of whether the special municipal elections scheduled for February 15, 2011, and March 15, 2011, should be allowed to proceed. However, the court understands that this issue will become moot if Turner is sentenced to prison on January 25, 2011, because he will then automatically be removed from office pursuant to M.G.L. c. 279, §30. However, even assuming that the question of whether the special elections may be held remains urgent and important, it is essential that it be decided in a manner that is respectful of our federal form of government and faithful to the jurisprudence that exists to promote that respect.

II.  DISCUSSION

In 2008, Turner was charged with extortion, in violation of 18 U.S.C. §1951, for accepting a purported bribe in his capacity as an elected member of the Council.  On January 25, 2009, the Council, acting pursuant to authority asserted to exist under the Charter of the City of Boston, adopted a new Rule 40A, which permits an elected Councillor to be removed, by a vote of two-thirds of the members of the Council, for "conduct unbecoming of a member of the Boston City Council," including conviction of a felony.

A trial on the extortion charges was held in federal court. On October 29, 2010, Turner was convicted.  His sentencing was scheduled for January 25, 2011.  On January 13, 2011, his motion to postpone the sentencing hearing until March 4, 2011, was denied.

On December 1, 2010, the Council, by a vote of eleven to one, decided to remove Turner from office, effective December 3, 2010. The Council cited the Charter of the City of Boston, see Acts of 1951, c. 376, §17, and Rule 40A as the authority for its action.

On December 15, 2010, the Council scheduled a special preliminary municipal election for February 15, 2011.  It scheduled a special municipal election for March 15, 2011.

On December 30, 2010, Turner and fifteen voters from his District filed the instant action, seeking declaratory and injunctive relief.  They allege that the Council exceeded its authority under state law in removing Turner from office.  They

assert that as a result of this violation of state law, they have been deprived of certain rights protected by the Constitution of the United States. More specifically, Turner contends that Rule 40A is a criminal sanction. Therefore, he asserts that as applied to his case Rule 40A violates the Ex Post Facto Clause of the Constitution, U.S. Const. art. I, §10, and his rights under the First and Fourteenth Amendments. See Complaint ¶27. The voter plaintiffs contend that the Council's violation of state law in expelling Turner has disenfranchised them and, therefore, violated their rights under the First and Fourteenth Amendments. See id. ¶2.

On January 10, 2011, plaintiffs filed a motion for a preliminary injunction or, in the alternative, for summary judgment. They request that this federal court exercise its equitable power to enjoin the February 15, 2011 preliminary special municipal election and the March 15, 2011 special municipal election. They also ask the court to restore Turner to his position on the Council. The memorandum in support of their motion confirms that plaintiffs' federal claims depend entirely on their contention that the removal of Turner from office exceeded the power granted to the Council by the laws of the Commonwealth of Massachusetts. For example, plaintiffs state:

> This case is about the unlawful votes of the Boston City Council to remove a duly elected member from the city council and the vote calling for a special election to fill his seat . . . . Because the current electoral process is seriously

>flawed due to votes taken by the council that were <u>ultra</u> <u>vires</u> and based on invalid law, the process must be stopped.

Plaintiffs' Memorandum of Law in Support of Their Request for Injunctive Relief, a Declaratory Judgment, or in the Alternative for Summary Judgment at 2.

The issue of whether the Council exceeded the authority granted to it by state law is a question of first impression. Although defendants have not yet responded to plaintiffs' motion, this appears to be a substantial question. If that question is decided in defendants' favor, the federal constitutional issues presented by this case will be eliminated. Therefore, it appears that it is most appropriate, if not necessary, for this court to permit the courts of the Commonwealth of Massachusetts to resolve the state law questions presented in this case before acting on the motion for preliminary injunction or deciding the merits of plaintiffs' federal constitutional claims.

Generally, principles relating to the separation of powers and federalism encourage federal courts not to decide constitutional questions unnecessarily. <u>See, e.g.</u>, <u>Ashwander v. Tennessee Valley Auth.</u>, 297 U.S. 288, 346-47 (1936) (Brandeis, J., concurring). In 1941, the Supreme Court applied this general principle in circumstances comparable to those in the instant case. <u>See</u> <u>Pullman</u>, 312 U.S. at 501. In <u>Pullman</u>, the plaintiffs alleged that the Texas Railway Commission lacked the authority under state law to issue an order that, in effect, required that every railway car

-7-

have a conductor, who at that time would have been white, rather than only a porter, who at that time would have been black. Id. at 497-98. The plaintiffs contended that the Commission's order, therefore, violated state law and resulted in a violation of their rights under the United States Constitution. Id. The Supreme Court held that respect for the states, the value of getting an authoritative decision on a question of state law from the state court, and the importance of not deciding federal constitutional issues unnecessarily, required the federal court, sitting in equity, to stay further action pending a definitive ruling by the state courts because the case involved a substantial question of uncertain state law and a reasonable possibility that an authoritative decision on that question would obviate the need to decide the federal constitutional questions. Id. at 499-501; see also Erwin Chemerinsky, Federal Jurisdiction §12.2 at 790-94 (5th ed. 2007). Pullman indicates that this court should stay this case and require that plaintiffs file an action presenting their state law questions to the courts of the Commonwealth of Massachusetts. See 312 U.S. at 501-02.

Since Pullman, both the Supreme Court and the First Circuit have clarified that certification of a question to the Supreme Judicial Court of the Commonwealth of Massachusetts is a permissible means of serving the principles of Pullman abstention when a definitive decision on a question of uncertain state law may

keep federal constitutional issues from being decided unnecessarily. See Mills, 457 U.S. at 306; Rogers v. Okin, 738 F.2d 1, 5 (1st Cir. 1984). A United States District Court may certify a question for decision by the Supreme Judicial Court "if there are involved in any proceeding before it questions of law of [the Commonwealth of Massachusetts] which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of this court." Mass. S.J.C. R. 1:03. A federal court may certify a question even if no party has requested certification. See In re Hundley, 603 F.3d 95, 98 (1st Cir. 2010).

It appears that the requirements for certifying a question to the Supreme Judicial Court are met in this case. Therefore, the court is considering certifying to the Supreme Judicial Court the following questions:

> 1. Did the Charter of the City of Boston, or any other provision of the laws of the Commonwealth of Massachusetts, authorize the Boston City Council to promulgate Rule 40A of the Rules of the Boston City Council and employ it to remove an incumbent Councillor from office?
>
> 2. If so, is Rule 40A a civil, rather than a criminal, provision of law?[1]

---

[1] As described earlier, Turner contends that Rule 40A is a criminal sanction, rather than being civil in nature. He also asserts that because it was promulgated after the conduct for which he has been convicted, the use of Rule 40A to remove him from office violates the Ex Post Facto Clause of the United States Constitution. See U.S. Const. art. I, §10. The Supreme Court has held that "[t]he categorization of a particular proceeding as civil or criminal is 'first of all a question of

As the First Circuit has explained, "[i]n general, certification serves as a substitute for, not a complement to, abstention," in the form of requiring that a new case to be brought in a lower state court. Rogers, 738 F.2d at 5. Therefore, this court may either abstain and require a new case to be initiated in the courts of the Commonwealth or certify a question to the Supreme Judicial Court. Id. It is not now clear which alternative is most appropriate.

"Election law, as it pertains to state and local elections, is for the most part a preserve that lies within the exclusive competence of the state courts." Bonas v. Town of North Smithfield, 265 F.3d 69, 74 (1st Cir. 2001). Therefore, it appears most appropriate that the state courts decide whether a preliminary or permanent injunction concerning the special municipal elections should be issued. If this court abstains and a new action is filed in the Superior Court of the Commonwealth of Massachusetts, that court will have the authority to issue an injunction preventing the scheduled special municipal elections from proceeding. See, e.g., Mieczkowski v. Board of Registrars, 53 Mass. App. Ct. 62, 65 (2001) (dissolving injunction of election); Morra v. Strange, 2007 WL

---

statutory construction.'" Kansas v. Hendricks, 521 U.S. 346, 361 (1997) (quoting Allen v. Illinois, 478 U.S. 364, 368 (1986)). As it is a state rather than federal statute that must be construed in this case, it is, for the reasons explained with regard to the question of the Council's authority to promulgate Rule 40A, most appropriate, if not required, that this federal court permit the state courts to decide the question of statutory construction.

-10-

4098837, at *5-*9 (Mass. Super. Ct. 2007) (enjoining election). However, if this court certifies a question to the Supreme Judicial Court, it is uncertain whether that court would have the authority to issue a preliminary injunction. Cf. Rogers, 738 F.2d at 4 (answers to a certified question "do not constitute a directly enforceable judgment" and, therefore, "plaintiff could not obtain from a federal or state court a contempt citation for defendants' violations of the answers"). Accordingly, the interest of having the issues concerning whether the special municipal elections should be enjoined by the state courts may weigh in favor of abstention rather than certification.

However, the interest of getting a prompt, definitive decision on whether the Council exceeded its authority in promulgating Rule 40A, and employing it to remove Turner, may be best served by certification to the Supreme Judicial Court, rather than requiring a decision by a state trial court and a subsequent appeal. It is not now clear whether time will be of the essence concerning this issue. As indicated earlier, it appears that if Turner is sentenced to prison on January 25, 2011, his office will be vacated by operation of M.G.L. c. 279, §30, and there evidently will be no argument for enjoining the special elections.

To assure that the court has an opportunity to consider the views of the parties, it is ordering them to address the issues discussed in this Memorandum and Order before it decides them.

-11-

III.  ORDER

In view of the foregoing, it is hereby ORDERED that by January 21, 2011, at 12:00 p.m.:

1. The parties shall file memoranda addressing the issues raised in this Memorandum and Order including, but not limited to:

    a. Whether or not this court should abstain and require a new case to be brought in state court or certify one or more questions to the Supreme Judicial Court rather than be the first court to address whether the Council exceeded its authority in promulgating Rule 40A and utilizing it to remove Turner from office.

    b. If abstention or certification is necessary or appropriate, which option the court should choose.

    c. If one or more questions are certified to the Supreme Judicial Court, how the question(s) should be stated.

2. Defendants shall respond to plaintiffs Motion for Injunctive Relief, And In the Alternative A Motion For Summary Judgment.

                                            /s/ Mark L. Wolf
                                     UNITED STATES DISTRICT JUDGE