**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 2010-CV-12276**

---

**CHARLES H. TURNER, and JEANNE ACKERLY. ERNEST R. COSTON, DIANE DUJON, OLGA SUMMONT, LOUIS ELISA, ALMA FINNERAN, MICHAEL HEICHMAN, FREDERICK C. JOHNSON, KARL JONES, FRANCO MARZURKI, CAROLYN JUPITER-MCINTOSH, ISAURA MENDES, JUDITH RICHARDS, M. DANIEL RICHARDSON III, SARAH-ANN SHAW**
     Plaintiffs,
**v.**

**CITY OF BOSTON, and BOSTON CITY COUNCIL and MICHAEL ROSS, FELIX G. ARROYO, JOHN R. CONNOLLY, STEPHEN J. MURPHY, AYANNA PRESSLEY, SALVATORE LaMATTINA, BILL LINEHAN, MAUREEN E. FEENEY, ROB CONSALVO, MARK S. CIOMMO AND MATTHEW O'MALLEY in their official capacities.**
     Defendants.

---

**DEFENDANTS' MOTION TO STRIKE DOCUMENTS SUBMITTED BY PLAINTIFFS IN SUPPORT OF THEIR MOTION FOR INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY JUDGMENT**

### I. INTRODUCTION

Now come the Defendants and move to strike Exhibits 2, 3, 8, 9, and 10 submitted by Plaintiffs in their Motion for Injunctive Relief, Declaratory Judgment, or in the Alternative Summary Judgment. As grounds therefore, the Defendants state that these documents are inadmissible as they contain multiple levels of hearsay and are unsupported by sworn affidavit and as such are unreliable. As such, the following documents should be stricken from the record:

1. **Exhibit 2:**  Confidential Attorney-Client Communication dated November 24, 2010; Letter dated November 16, 2010 and attachments;

2. **Exhibit 3:**  Letter from Charles Yancey to Michael Ross dated December 8, 2010;

3. **Exhibit 8:**  News article dated January 4, 2011

4. **Exhibit 9:**  News article dated November 13, 2010

5. **Exhibit 10:** Universal Hub website printout dated December 26, 2010

II. ARGUMENT

    a. **These Documents Should Be Stricken From The Record As They Are Inadmissible Evidence To Submit In Support of Plaintiffs' Motion For Summary Judgment.**

Evidence submitted in opposition to a motion for summary judgment must meet the same evidentiary standards that apply at trial. See Fed. R. Civ. P. 56(e); F.D.I.C. v. Roldan Fonseca, 795 F.2d 1102, 1110 (1st Cir. 1986); Garside v. Osco Drug, Inc., 895 F.2d 46, 49-51 (1st Cir. 1990). Accordingly, "[e]vidence that is inadmissible at trial, such as inadmissible hearsay, may not be considered on summary judgment." Noviello v. City of Boston, 398 F.3d 76, 85 (1st Cir. 2005). "A motion to strike is the proper vehicle for challenging the admissibility of evidence offered at summary judgment." Inner-Tite Corp. c. Dewalch Technologies, Inc., 2007 WL 2507737 (D. Mass. 2007) ("moving party must specify the objectionable portions of the opposing party's summary judgment materials along with the grounds for objection").

"Documents supporting or opposing summary judgment must be properly authenticated." Carmona v.Toledo, 215 F.3d 124, 131 (1st Cir. 2000). To be admissible at the summary judgment stage, "documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)." Id. (citation omitted). "Rule 56(e)

requires that the affidavit be made on personal knowledge, set forth facts that would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein." Id.  Unauthenticated documents cannot be considered on a motion for summary judgment. Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002).

1. **The Letters Contained Within Exhibits 2 and 3 and Attachments Must Be Stricken As they Have Not Been Authenticated.**

In support of their Motion for Summary Judgment, Plaintiffs submit three separate letters and attachments.  The first two documents contained within Exhibit 2 are legal memoranda sent from the City of Boston's Corporation Counsel's Office to the City Council President.  These memoranda are legal opinions and analyses interpreting various state and local laws.  All of the opinions and legal conclusions contained within these memoranda are inadmissible.  These letters are unauthenticated by either the attorney of record or anyone else for that matter as to their genuineness.  In order to be admissible at trial, a document must be authenticated.  In general, authentication of a document requires competent testimony concerning that document.  See Fed. R. Evid. 901(b)(1). Each document submitted in support of summary judgment must either be properly authenticated or must be self-authenticating under the Federal Rules. "The authentication requirement is rarely onerous; in many instances, a single sentence will suffice, indicating that the document is what it appears to be." Setterland v. Potter, 597 F.Supp.2d 167, 170-71 (D. Mass. 2008).

Here, Plaintiffs have not attempted to authenticate *any* of the documents in support of their summary judgment.  These letters clearly do not meet the requirement of Rule 56(e)(1) which specifically provides that documents referred to in an affidavit must

be sworn or certified. Hoffman v. Applicators Sales & Serv., Inc., 439 F.3d 9, 16 (1st Cir. 2006) (affirming summary judgment for employer and motion to strike affidavit which attached unauthenticated tabulation of data not based on personal knowledge of affiant); Cummings v. Roberts, 628 F.2d 1065, 1068 (8th Cir. 1980) (records attached to affidavit but not certified as required by Fed. R. Civ. P. 56(e) not properly considered by district court). In addition, these letters constitute inadmissible hearsay, opinion, and legal conclusions. Thus, all three documents contained within Exhibits 2 and 3 and the attachments thereto should be stricken from the record.

2. **The Newspaper Articles and Website Printout Contained Within Exhibits 8, 9, and 10 are Not Authenticated and are Hearsay and Must be Stricken from the Record.**

Similarly, the newspaper articles and website printout in Exhibits 8, 9, and 10 must be stricken. The alleged statements made by various City officials are double-hearsay, and as such are inadmissible for summary judgment purposes. Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993) (photocopy of newspaper article quoting defendant constituted inadmissible out-of-court statements offered to prove the truth of the matter asserted and in fact was hearsay within hearsay, not a proper part of the record for summary judgment purposes, even though defendant's statements could be regarded as nonhearsay admissions of a party opponent under Fed. R. Evid. 801(d)(2)). Exhibits 8, 9, and 10 are not even newspaper articles, they are articles that appear to be printed off the internet. Moreover, there is no sworn affidavit attesting to the accurateness of these articles. These documents are wholly unreliable and constitute hearsay within hearsay. Thus, Exhibits 8, 9, and 10 may not be considered by this Court in ruling on the Plaintiffs'

motion for summary judgment. The Defendants move to strike these exhibits from the record.

### III.   CONCLUSION

Based on the foregoing, the Defendants respectfully request that the documents contained within Exhibits 2, 3, 8, 9, and 10 be stricken from the record.

Respectfully submitted,
DEFENDANTS,

William F. Sinnott,
Corporation Counsel
By their attorneys,

/s/ Lisa Skehill Maki
Lisa Skehill Maki, BBO # 675344
Assistant Corporation Counsel
Susan M. Weise, BBO # 545455
First Assistant Corporation Counsel
Maribeth A. Cusick, BBO # 658839
Chief of Government Services
City of Boston Law Department
One City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4022 (Maki)
(617) 635-4040 (Weise)
(617) 635-4477 (Cusick)
Lisa.Maki@cityofboston.gov
Susan.Weise@cityofboston.gov
Maribeth.Cusick@cityofboston.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, a copy of this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

1/21/2011   /s/ Lisa Skehill Maki
Date          Lisa Skehill Maki

### *7.1 Certification*

Undersigned counsel certifies that on January 21, 2011, pursuant to LR, D. Mass. 7.1(a)(2), counsel for the Defendants, Lisa Skehill Maki, spoke with counsel for the Plaintiffs and was unable to resolve or narrow the issues.

Date:   January 21, 2011                                         /s/ Lisa Skehill Maki
                                                                 Lisa Skehill Maki