```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

CHARLES H. TURNER, ET AL        )
     Plaintiffs                 )
                                )
          v.                    )  C.A. No. 10-12276-MLW
                                )
                                )
CITY OF BOSTON, ET AL           )
     Defendants.                )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                              February 7, 2011

On January 10, 2011, plaintiffs Charles "Chuck" Turner and fifteen of his constituents filed a motion for a preliminary injunction seeking to prevent the February 15, 2011 special preliminary municipal election and the March 15, 2011 special municipal election to fill Turner's seat as the District 7 representative on the Boston City Council. See Mot. for Inj. Relief, and in the Alternative a Mot. for Summ. J. (the "Motion"). At that time, plaintiffs contended that Turner had been improperly removed by a December 1, 2010 vote of the Council and, therefore, there was no vacancy to be filled. However, on January 25, 2011, Turner was sentenced to serve three years in federal prison as a result of his October 29, 2010 convictions for extortion and making false statements. As plaintiffs acknowledge, even if Turner was not previously properly removed from the Council, his prison sentence would cause Turner's automatic removal from the Council

pursuant to M.G.L. c. 279, §30.[1] Therefore, it is undisputed that Turner's seat on the Council is now vacant.

The Boston City Charter requires that when the office of a District City Councillor becomes vacant more than 180 days prior to a regular municipal election, a special preliminary election must be held no less than 62 days thereafter and an election between the two candidates who received the most votes be held 28 days thereafter. See Boston City Charter §15A. Plaintiffs evidently continue to seek to enjoin the scheduled special preliminary and final elections. In a January 31, 2011 submission they wrote:

> As Turner was sentenced to prison on January 25, 2011, there remains the issue of the validity of the ongoing electoral process. It can certainly be argued by some candidates that the ongoing process was prematurely started. It is submitted that it is within the discretion of this Court to declare that the ultra vires action of the Defendants did not legally vacate Turner's

---

[1] M.G.L. c. 29, §30 states in pertinent part that:

If a convict sentenced by a court of the commonwealth or of the United States to imprisonment in the state prison or by a court of the United States to a federal penitentiary for a felony holds an office under the constitution or laws of the commonwealth at the time of sentence, it shall be vacated from the time of sentence. If the judgment against him is reversed upon writ of error, he shall be restored to his office with all its rights and emoluments; but, if pardoned, he shall not by reason thereof be restored, unless it is so expressly ordered by the terms of the pardon.

In a January 20, 2011 submission, plaintiffs stated that, "[i]f under M.G.L. c. 279 §30 Plaintiff Turner is sentenced to prison on January 25, 2011, his seat would not become vacant until that date." Pls.' Mem. Addressing the Issues Raised in This Court's Mem. and Order of January 14, 2011, at 5.

> City Council seat and this Court could invoke its injunctive powers.

Pls. Resp. to Defs.' Mem. in Supp. of Their Mot. to Dismiss Pls.' Compl. Pursuant to Fed. R. Civ. P. 12(b)(6) and Defs.' Opp. to Pls. Req. for Preliminary Inj. 21-22. Plaintiffs cite no legal authority to support their request. Defendants oppose plaintiffs' request to enjoin the elections. Neither party has requested a hearing on the Motion since Turner was sentenced to prison.

As this court has previously recognized and written, it is usually preferable that issues concerning state or local elections be decided by state courts. See Jan. 14, 2011 Mem. and Order 10-11 (citing Bonas v. Town of North Smithfield, 265 F.3d 69, 74 (1st Cir. 2001)). However, plaintiffs brought this action in federal court. In response to the January 14, 2001 Memorandum and Order both parties opposed the court's suggestion that it might, pursuant to Railway Commission v. Pullman Co., 312 U.S. 496 (1941), abstain and, therefore, require that plaintiffs institute a new case concerning the elections in state court. See Defs.' Resp. to This Court's January 14, 2011 Order, at 4; Pls.' Mem. Addressing the Issues Raised in This Court's Mem. and Order of January 14, 2011, at 7-9. It is now undisputed that Turner has been lawfully removed from office, thus simplifying the issues presented. Moreover, in view of the February 15, 2011 date of the special preliminary municipal election, time is of the essence. Therefore, in these unique circumstances, it is most appropriate that this federal

court decide whether the elections to determine Turner's successor should proceed as scheduled.

As this court has previously noted:

> The standard for obtaining a preliminary injunction is familiar. Ocean Spray Cranberries, Inc. v. Pepsico, Inc., 160 F.3d 58, 60 (1st Cir. 1998). The burden of proof is on the plaintiff. Id.; Equal Employment Opportunity Comm'n v. Astra USA, Inc., 94 F.3d 738, 742 (1st Cir.1996). The court is required to weigh four factors. Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir.1996); Astra, 94 F.3d at 742. The first is whether the plaintiff has shown a likelihood of success on the merits. Ross-Simons, 102 F.3d at 15. The second is whether the plaintiff has established an imminent threat of irreparable harm in the absence of a preliminary injunction. Id. The court is also required to balance the hardship to the plaintiff if no injunction is issued against the hardship to the defendants if the requested injunction is ordered. Id. In addition, the court must consider the effect of the proposed injunction on the public interest. Id.
>
> As the Court of Appeals for the First Circuit has said on a number of occasions, the likelihood of success on the merits is of primary importance. Id. at 16 (citing cases). It is the sine qua non for obtaining a preliminary injunction. Gately v. Commonwealth of Mass., 2 F.3d 1221, 1225 (1st Cir.1993); Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir.1993). If a great showing of likely success on the merits is made by a plaintiff, a reduced showing of irreparable harm may be appropriate. Ross-Simons, 102 F.3d at 19; Astra, 94 F.3d at 743.
>
> In addition, a preliminary injunction is an equitable remedy. Hecht Co. v. Bowles, 321 U.S. 321, 329 (1944); see also Weinberger v. Romero-Barcelo, 456 U.S. 305, 311 (1982). It does not issue automatically even if the foregoing criteria indicate that an injunction is warranted. Converse Constr. Co. v. Massachusetts Bay Transp. Auth., 899 F. Supp. 753, 760 (D. Mass. 1995). Thus, a court may properly consider any inequitable conduct by the plaintiff. The court may also consider any adverse impact on the public interest for which a bond cannot compensate and withhold relief for this reason alone. Weinberger, 456 U.S. at 312-13; Converse, 899

F.Supp. at 760.

<u>Cablevision of Boston, Inc. v. Public Imp. Com'n of the City of Boston, et al.</u>, 28 F. Supp. 2d 46, 53 (1999).

As explained in detail in the February 7, 2011 Memorandum and Order certifying the state law questions at the heart of this case for decision by the Supreme Judicial Court, it is not clear whether plaintiffs are likely to prevail in proving that Turner was improperly removed from his seat on the Council prior to being sentenced to prison. However, even assuming, without finding, that plaintiffs have a reasonable likelihood of success on the merits, the issuance of a preliminary injunction is not warranted.

There is no longer any imminent threat of irreparable harm if the scheduled elections are held. As explained earlier, plaintiffs acknowledge that Turner has now been lawfully removed from office as a result of being sentenced to prison. Turner still seeks damages for his alleged improper removal from office. <u>See</u> Complaint 6-7. However, the harm to him ended when he was sentenced and his office was vacated on January 25, 2011. Turner has an adequate remedy at law to compensate him for such harm – an award of money damages if his claim that he was unlawfully removed by the Council proves to be meritorious. <u>See</u> <u>Braintree Labs., Inc. v. Citigroup Global Mkts. Inc.</u>, 622 F.3d 36, 41-42 (1st Cir. 2010) (damages provide an adequate remedy at law). Similarly, the voter plaintiffs now have no right to be represented by Turner that will

be violated if the elections are held as scheduled, and any harm to them caused by his expulsion as of December 3, 2010 is not continuing.

The balance of hardships and the public interest weigh heavily in favor of denying the request to enjoin the elections. Allowing the elections to proceed will impose no hardship on Turner or the voter plaintiffs. In contrast, it is important that the citizens of District 7 be represented on the Council. Candidates have been campaigning to succeed Turner. Arrangements have been made to conduct the elections. It would be disruptive, and possibly expensive, to reschedule them. Any preliminary injunction would only postpone the elections about seven weeks. Doing so would not be in the public interest.

Equitable considerations reinforce the conclusion that Turner should not be granted injunctive relief. The citizens of District 7 are now unrepresented on the Council because of Turner's corrupt criminal conduct. Turner deprived his constituents of the honest services of a representative on the Council in the past. In all of the current circumstances, it would be inequitable, and indeed unseemly, to grant Turner's request for an injunction that would extend by about seven weeks the time in which the citizens of District 7 will not be represented at all, even if the elections to select his successor were scheduled prematurely. Moreover, there is no indication that Turner could pay the costs imposed on the

City of Boston if the elections were preliminarily enjoined and his claims ultimately prove to be unmeritorious.  See Fed. R. Civ. P. 65(c).  In any event, no bond could compensate for depriving the citizens of District 7 of representation on the Council until rescheduled elections were held.  See Weinberger, 456 U.S. at 312-13.

As the Supreme Court has explained, "[t]he grant of jurisdiction to ensure compliance with a statute hardly suggests an absolute duty to do so under any and all circumstances, and a federal judge sitting as chancellor is not mechanically obligated to grant an injunction for every violation of law."  Id. at 313.  Even assuming, without finding, that Turner was removed improperly and the elections were scheduled prematurely, this is not a case in which the court should exercise its equitable authority to enjoin them.

Accordingly, the Motion, (Docket No. 7) is hereby DENIED.

                                          /s/ Mark L. Wolf
                              UNITED STATES DISTRICT JUDGE